IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANTONIO ACABAL BARRERA, | § | |
| | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| WARDEN of IAH Secure Adult Detention | § | |
| Facility, in his/her Official Capacity; ICE FIELD | § | |
| OFFICE DIRECTOR, Director, Houston Field | § | CIVIL ACTION NO. 9:26-CV-00568 |
| Office, U.S. Immigration and Customs | § | JUDGE MICHAEL J. TRUNCALE |
| Enforcement, in his/her Official Capacity; | § | |
| MARKWAYNE MULLIN, Secretary, U.S. | § | |
| Department of Homeland Security, in his | § | |
| Official Capacity; and TODD BLANCHE, | § | |
| Attorney General of the United States, in his | § | |
| Official Capacity, | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

## ORDER DENYING PETITION FOR HABEAS CORPUS

Before the Court is Petitioner Antonio Acabal Barrera (Barrera)'s Petition for Writ of Habeas Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Barrera is a Guatemalan national who entered the United States illegally in 2007 and was detained by immigration authorities in June 2026. [Dkt. 1]. On July 30, 2026, Barrera brought a habeas corpus petition, claiming that his detention violates federal law. *Id.*

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

1

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Immigration and Nationality Act

Barrera first claims to be unlawfully detained under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission" who are not deemed "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). According to Barrera, aliens who, like him, entered the United States without inspection and were apprehended inside the country, are not "applicants for admission" under section 1225(b)(2)(A). [Dkt. 1]. Instead, Barrera argues that 8 U.S.C. § 1226(a) applies to cases like his. Under section 1226(a), an alien "may be arrested and detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General has discretion to release or "continue to detain" aliens detained pursuant to section 1226(a). *See id.* § 1226(a)(1)–(2).

Section 1225's first sentence provides that "an alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission." *Id.* An alien has been "admitted" once he has made "lawful entry . . . into the United States *after inspection* and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A) (emphasis added). Together, these provisions establish that an alien is an applicant for admission if he (1) entered the United States without inspection and (2) remains present in the country. *See id.*; § 1225(a)(1).

Barrera admits that he entered the United States without inspection and does not dispute that he is unlawfully present in the country. *See* [Dkt. 1]. Accordingly, he is an "applicant for admission" under section 1225. *See* 8 U.S.C. § 1225(a)(1). Further, by charging him with illegal entry and initiating removal proceedings against him, the Government necessarily found that Barrera was "not clearly and

beyond a doubt entitled to be admitted." *See id.* Thus, section 1225 dictates that Barrera, an applicant for admission who was not deemed clearly and beyond a doubt entitled to be admitted, "shall be detained" during removal proceedings. *Id.* § 1225(b)(2)(A). Accordingly, Barrera is not entitled to a bond hearing and the Government's failure to afford him a bond hearing does not violate the INA. *See id.*

If that were not enough, the Fifth Circuit recently considered and rejected the same arguments that Barrera makes here. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494, 507 (5th Cir. 2026). Accordingly, even if this Court were inclined to accept Barrera's reading of the INA, binding Fifth Circuit precedent would bar it from doing so.[1]

### B. Due Process

Barrera next argues that, even if his detention without a bond hearing does not violate the INA, it does violate due process. The Fifth Circuit, in a split decision, recently held that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within ninety days. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). This decision was vacated, and rehearing en banc granted, on July 10, 2026. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

While the now-vacated *Rodriguez* opinion recognized a due-process right to bond hearings after ninety days of detention, it did not hold that habeas corpus was the proper way to assert that right. *See* 2026 WL 1906557 at *16. Under longstanding Fifth Circuit precedent, habeas proceedings are

---

[1] *Buenrostro-Mendez* also prevents the Court from following the Central District of California's decision in *Maldonado Bautista v. Noem*, which certified a nationwide class comprising all aliens detained under section 1225(b) and ordered the Government to hold a bond hearing for every class member. No. 5:25-cv-01873, 2025 WL 3678485 at *1 (C.D. Cal. Dec. 18, 2025).

appropriate only to challenge unlawful confinement, not mere procedural deprivations. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Here, Barrera's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to offer him a bond hearing. *See* [Dkt. 1]. Barrera's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be raised in a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if properly performed. *See id.* Here, a properly conducted bond hearing would not invariably result in Barrera's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not guarantee Barrera's release from custody, a habeas proceeding is not the proper arena for Barrera to contest his lack of a bond hearing. *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

It is therefore **ORDERED** that Barrera's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of August, 2026.**

Michael J. Truncale
United States District Judge

4